RECEIVED
AUG 24 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LOUIS VERNON JACKSON, Plaintiff | CIVIL ACTION NO. 1:16-CV-1131; SECTION "P" |
| VERSUS | JUDGE DRELL |
| FAMILY DENTISTRY, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Louis Vernon Jackson (#518656), filed on August 2, 2016. (Doc. 1). Plaintiff was granted leave to proceed *in forma pauperis* on August 8, 2016. (Doc. 4). Plaintiff is a pretrial detainee at the Natchitoches Parish Detention Center ("NPDC") in Natchitoches, Louisiana. Plaintiff names as defendants Dr. Nick G. Governale and Family Dentistry. Plaintiff complains that Defendants were negligent and violated his constitutional rights by failing to provide Plaintiff with pain medication after a tooth extraction.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual Allegations

Plaintiff alleges that, on June 2, 2016, he was transported by the Natchitoches Parish Sheriff's Office to Family Dentistry for a tooth extraction. (Doc. 1, p. 3). Plaintiff complains that Dr. Governale did not prescribe prescription medication after

the extraction. Plaintiff alleges that the lack of prescription drugs caused him to suffer pain and depression.

## Law and Analysis

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). A plaintiff may satisfy the "under color of state law" requirement of § 1983 by proving that the conduct causing the deprivation is fairly attributable to the state. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). "Fair attribution" requires that: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible; and (2) the party charged with the deprivation may be fairly described as a state actor. Id. at 937.

The complaint is devoid of any allegation indicating that Dr. Governale was acting under color of state law. Plaintiff's pleadings suggest that Dr. Governale is a private dentist employed at a private dentistry office. He is not a dentist employed at NPDC. Absent some allegation to establish the defendant as a "state actor," Plaintiff's complaint fails to state a claim.

Even if Dr. Governale is a state actor, Plaintiff fails to state a claim under § 1983. "Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain."

2

Davidson v. Texas Dep't of Criminal Justice, 91 Fed. App'x 963, 964 (5th Cir. 2004) (citing Wilson v. Seiter, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (quoting Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

To state a claim of deliberate indifference, Plaintiff must allege that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." Davidson, 91 Fed. App'x at 965 (citing Domino, 239 F.3d at 756). Plaintiff does not complain that he was denied dental care. He complains that the dentist did not provide prescription medication following the surgery. Plaintiff's claim amounts to disagreement with medical treatment, which does not state a claim under the Eighth Amendment. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 2001).

Moreover, Plaintiff's allegation that the lack of prescription medication caused him to suffer severe depression is conclusory.

Plaintiff also alleges negligence by the defendants. A federal court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed. 28 U.S.C. § 1367(c)(3); see also Noble v. White, 996 F.2d 797, 799 (5th Cir. 1993). Among the factors to be considered

3

in exercising this discretion are judicial economy, convenience, fairness, federalism, and comity. See Rosado v. Wyman, 397 U.S. 397, 403-04 (1970). When all federal claims are dismissed prior to trial, these factors weigh heavily in favor of declining to exercise jurisdiction. See Parker & Parsley Petroleum Co. v. Dresser Industries, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendant are dismissed.").

Plaintiff alleges that the defendants were negligent in failing to provide him with prescription medication on June 2, 2016. Plaintiff has time to pursue his claim in state court should he choose to do so. Therefore, Plaintiff's negligence claim should be dismissed without prejudice.

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's § 1983 claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A, and his pendent state tort claim be **DISMISSED WITHOUT PREJUDICE**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection

to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 24th day of August, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge